**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

**IN THE MATTER OF:**

    **Robert W. Geddes**

S.S.#___**xxx-xx-7487**_____
               and
    **Susan M. Geddes**

S.S.#___**xxx-xx-7903**_____    Debtor(s)
_____/

CASE NO.   **09-68334**
CHAPTER 13

## CHAPTER 13 PLAN

[ **X** ] Original **_OR_** [ ] Modification # _____      [ ] pre-confirmation **_OR_** [ ] post-confirmation

**I.**     **PLAN PAYMENTS & DISBURSEMENTS**

This is the debtor's(s') latest Chapter 13 Plan. The following Classes of claims are established for payment from funds available by the Trustee except those identified as "direct payments" as indicated herein.

    A.     The debtor shall make payments in the amount of **$110.31 Weekly** for **60** months (frequency).

    B.     Plan length: __**60**__ months, commencing on the date of entry of the Order Confirming Plan, which shall also be the effective date of the Plan. The Trustee is hereby authorized to automatically adjust the Plan length an additional six (6) months to accomplish the purposes of this Plan, but in no event shall this Plan last more than five years.

    C.     Debtor commits 100% of all tax refunds received or entitled to after commencement of the case, and shall not alter any withholding deductions/exemptions without Court approval.

    D.     Treatment of claims

        1.     Class One - Administrative Expenses

            a.     *Trustee fees* as determined by statute.

            b.     *Attorney fees and costs*: An agreed fee of $__**3,000.00**__ less amount paid as reflected in the Rule 2016(b) Statement, leaving a balance due of $__**3,000.00**__ plus costs advanced in the amount of $__**0.00**__ which totals $__**3,000.00**__. Said sum to be paid at the rate of $__**3,000.00**__ per month.

                In the event that the Order Confirming Plan does not contain an award for attorney fees, for 30 days following the entry of the Order Confirming Plan, the Trustee shall hold from distribution the sum of $**3,000.00** as a fund for the payment of the attorney fees and costs that shall be determined by the court pursuant to 11 U.S.C. Sec. 330 and Local Rule 2016-1. If no application has been served and filed within this 30 day period, the reserved funds will be released for distribution to creditors.

            c.     Other:

        2.     Class Two - Continuing Claims: Those secured claims on which the last payment is due beyond the length of the Plan [11 U.S.C. §1322(b)(5)]. To the extent such claims are non-modifiable pursuant to 11 U.S.C. § 1322(b)(2), the Trustee shall adjust the monthly payment to such creditors upon compliance by the creditor with L.B.R. 3015-1(a)(9)(E.D.M.) and the debtor shall increase Plan payments as needed for such compliance.

            a.     Post-Confirmation

| Creditor/Collateral | Monthly Payments |
|---|---|
| **Green Tree** | **WHOLLY UNSECURED - LIEN STRIP** |
| **Residence:** | **PURSUANT TO ADVERSARY PROCEEDING;** |
| **13078 Masonic** | **SEE PLAN PROVISION I.D.9.; II.F.1.; II.F.3.** |
| **Warren, MI 48088** | |

*Model Plan Version 2.0 - 05/01*
*1*

| Creditor/Collateral | Monthly Payments |
|---|---|
| **Wells Fargo Home Mortgage** | 1,354.37 |
| **Residence:** | ***Current - Paid Direct by Debtor*** |
| **13078 Masonic** | |
| **Warren, MI 48088** | |

       b.       Post-Petition/Pre-Confirmation Arrears- (TO BE PAID IN FIRST 12 MONTHS):

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Time to Cure |
|---|---|---|---|---|
| -NONE- | | | | |

3.       Class Three - Executory Contracts and/or Unexpired Leases [11 U.S.C. §1322(b)(7) and 11 U.S.C. §365]

       a.       Continuing, Post-Petition Obligations:

| Creditor/Collateral | Assume/ Reject/ Assign? | If assumed, regular payment per month | Lease/Contract expiration date |
|---|---|---|---|
| -NONE- | | | |

       b.       Pre-Petition Obligations:

| Creditor/Collateral | If assumed, amount of Default | If assumed, number of months to cure from confirmation date + interest rate | If assumed, monthly payment on cure |
|---|---|---|---|
| -NONE- | | | |

4.       Class Four - Arrearage on Continuing Claims [11 U.S.C. §1322(b)(5)]

       Pre-Petition Arrears:

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Number of months to cure from confirmation date |
|---|---|---|---|---|
| -NONE- | | | | |

5.       Class Five - Other Secured Claims:  Secured claims other than those listed in Classes Two and Four on which the last payment will become due within the Plan duration.

| Creditor/Collateral | "Crammed down" [11 U.S.C. 1325(a)(5)] or modified [11 U.S.C. 1322(b)(2)] Indicate Which | Market Value | Interest Rate | Monthly Payment (Incl. Interest) | Total to Pay (Incl. Interest) | Number of months from confirmation date |
|---|---|---|---|---|---|---|
| **Capital One Auto Finan** **2005 Chrysler Sebring (~40K miles)** | **Modified** | **11,090.00** | **5.25%** | **394.68** | **11,840.40** | **60** |
| **Mich 1st Cu** **2005 Chevrolet Malibu (used exclusively by son and paid for by son)** | **Current - Paid Direct by Debtors' son** | **9,272.00** | **0%** | **242.57** | **0.00** | **0** |

6.       Class Six - Priority Unsecured Claims [11 U.S.C. §1322(a)(2)]

| Creditor | Amount | Interest Rate |
|---|---|---|
| -NONE- | | |

*Model Plan Version 2.0 - 05/01*

2

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037       Best Case Bankruptcy

7.	Class Seven - Special Unsecured Claims shall be paid in full and concurrently with Class Eight General Unsecured Claims.

| Creditor | Amount | Interest Rate | Reason for Special Treatment |
|---|---|---|---|
| -NONE- | | | |

8.	Class Eight - General Unsecured Claims shall be paid __10__% of such amounts with interest at the rate of __0.00__% per annum.  This Plan shall provide either the percent stated or shall continue for the length stated, whichever will offer the greater dividend to general unsecured creditors in this class.

9.	Other Provisions:  **THIS PLAN PROPOSES TO STRIP THE WHOLLY UNSECURED MORTGAGE OF GREEN TREE FOR THE PROPERTY LOCATED AT 13078 MASONIC, WARREN, MI 48088.  ADVERSARY PROCEEDINGS WILL BE FILED TO ACCOMPLISH THIS LIEN STRIP.  UPON DISCHARGE OF THE CASE, THE MORTGAGE SHALL BE DEEMED DISCHARGED AND STRIPPED FROM THE PROPERTY.**

## II.  GENERAL PROVISIONS

A.	**THIS PLAN FOLLOWS THE TRUSTEE'S PLAN IN ALL RESPECTS, WITH THE EXCEPTION OF: I.D.1.b.; I.D.9.; II.F.1.; II.F.3.; II.L.**

B.	**VESTING, POSSESSION OF ESTATE PROPERTY AND LIEN RETENTION**:  Upon confirmation of the Plan, all property of the estate shall vest in the debtor [11 U.S.C. §1327(b)].  The debtor shall remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. §1306(b)].  All secured creditors shall retain the liens securing their claims unless otherwise stated.

C.	**SURRENDER OR ABANDONMENT OF COLLATERAL**:  Upon confirmation the automatic stay is lifted as to any collateral treated as surrendered or abandoned.

D.	**PROHIBITION AGAINST INCURRING POST-PETITION DEBT**:  While this case is pending, the debtor shall not incur a debt in excess of $1,000.00 without first obtaining approval from the Court.

E.	**UNSCHEDULED CREDITORS FILING CLAIMS**:  If a pre- or post-petition creditor is not listed in the Chapter 13 Schedules, but files a proof of claim, the Trustee is authorized to classify the claim into one of the existing classes under this Plan and to schedule the claim for payment within that class.

F.	**PROOFS OF CLAIMS FILED AT VARIANCE WITH THE PLAN**:  In the event that a creditor files a proof of claim that is at variance with the provisions of this Plan, the following method is to be employed to resolve the conflict:

1.	Regarding claims for which the Plan does not propose a "cramdown" or modification, the proof of claim shall supersede the Plan as to the claim amount, percentage rate of interest, monthly payments, classification of the claim, percentage of interest on arrears, if any, but the proof of claim shall not govern as to the valuation of collateral.  **This provision shall not apply the second priority lien of Green Tree for the property located at 13078 Masonic, Warren, MI 48088.  The claim shall be treated as unsecured regardless of the proof of claim.**

2.	As to claims for which the Plan proposes a "cramdown" or modification, the proof of claim governs only as to the claim amount, but not with respect to any of the other aforementioned contractual terms.

3.	If a holder of a claim files a proof of claim at variance with this Plan or related schedules, the Trustee shall automatically treat that claim as the holder indicated, unless provided otherwise by order of the Court.  **This provision shall not apply the second priority lien of Green Tree for the property located at 13078**

*Model Plan Version 2.0 - 05/01*
*3*

**Masonic, Warren, MI 48088. The claim shall be treated as unsecured regardless of the proof of claim.**

    4.      A proof of claim or interest shall be deemed filed under 11 U.S.C. §501 for any claim or interest that appears in Classes Two, Three, Four or Five of this plan, except a claim or interest that is disputed, contingent or non-liquidated and labeled as such in this plan.

          **NOTE:** Debtor reserves the right to object to any claim.

G.    <u>**TAX RETURNS AND TAX SET-OFFS**</u>: All tax returns which have become due prior to the filing of this Plan have been filed except the following (see L.B.R. 2083-1(E.D.M.) regarding non-filed returns):
        -NONE-

H.    <u>**DEBTOR ENGAGED IN BUSINESS**</u>: [  ] If the box to the immediate left is "checked", the debtor is self-employed **AND** incurs trade credit in the production of income from such employment.
    1.      11 U.S.C. §1304(b) and (c) regarding operation of the business and duties imposed upon the debtor are incorporated herein by reference.

    2.      The debtor shall comply with the provisions of L.B.R. 3015-1(a)(8) and 2003-2(a)(b) (E.D.M.) unless the Court orders otherwise.

I.    <u>**ORDER OF PAYMENT OF CLAIMS**</u>: Class One claims shall be paid in advance of others, then Classes Two and Three in advance of all remaining classes, then Classes Four and Five, then Class Six, and then Classes Seven and Eight shall be paid as stated in each respective section. [LBR 3015-1(a)(5) (E.D.M.)]

J.    <u>**WORKSHEET**</u>: The worksheet on a form available from the clerk's office, is required by L.B.R. 3015-1(b)(2) (E.D.M.). It is attached hereto and incorporated herein by reference.

K.    <u>**CONFLICT OF DEBT AMORTIZATION**</u>: If the amortization figures conflict with respect to those stated in Class 2b, Class 3, Classes 4 Class 5, the time to cure shall be paramount, and the Trustee shall make alterations to implement this statement.

L.    <u>**DEBTOR DUTY TO MAINTAIN INSURANCE**</u>: Debtor shall maintain all insurance required by law and contract upon property of the estate and the debtor's property.

M.    <u>**ENTRY OF ORDERS LIFTING STAY**</u>: Upon entry of Order Lifting Stay, no distributions shall be made to the secured creditor until such time as an amended claim is filed by such creditor.

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037        Best Case Bankruptcy

**N.   LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY [LBR 3015-1(b)(1)]:**

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY* | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| **PERSONAL RESIDENCE** | 70,000.00 | 179,532.67 | 0.00 | 0.00 | 0.00 |
| **VEHICLES** | 21,862.00 | 20,362.00 | 1,500.00 | 1,500.00 | 0.00 |
| **HHG/PERSONAL EFFECTS** | 3,500.00 | 0.00 | 3,500.00 | 3,500.00 | 0.00 |
| **JEWELRY** | 2,250.00 | 0.00 | 2,250.00 | 2,250.00 | 0.00 |
| **CASH/BANK ACCOUNTS** | 30,010.00 | 0.00 | 7,510.00 | 7,510.00 | 0.00 |
| **OTHER** | 29,470.75 | 0.00 | 29,470.75 | 29,470.75 | 0.00 |

*Debtor has partial interest in 2 properties.  "Debtor's Share of Equity" column has been adjusted accordingly.

| | | |
|---|---|---|
| Amount available upon liquidation | $ | 0.00 |
| Less administrative expenses and costs | $ | 13,500.00 |
| Less priority claims | $ | 0.00 |
| Amount Available in Chapter 7 | $ | 0.00 |

/s/ William D. Johnson
_____

**William D. Johnson P54823**
Attorney for Debtor
**Acclaim Legal Services, PLLC**
**17117 W. Nine Mile**
**Suite 925**
**Southfield, MI 48075**
**filing@acclaimlegalservices.com**
**248-443-7033 Fax:248-443-7055**
_____
Phone Number

/s/ Robert W. Geddes
_____

**Robert W. Geddes**
Debtor

/s/ Susan M. Geddes
_____

**Susan M. Geddes**
Joint Debtor

**September 24, 2009**
_____
Date

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                                 Best Case Bankruptcy

# WORKSHEET

1. Length of Plan is _____ weeks; **60** months; _____ years.

   Debtor #1:

2. $ **110.31** per pay period x **( Weekly )**
   **260** pay periods per Plan = $ **28,680.60** total per Plan

   Debtor #2:

   $ _____ per pay period x **( )**
   _____ pay periods per Plan = $ _____ total per Plan

3. $ _____ per period x _____ periods in Plan = _____

4. Lump Sums: **0.00**

5. Equals total to be paid into the Plan **28,680.00**

6. Estimated trustee's fees **1,434.00**

7. Estimated Attorney fees and costs **3,000.00 (estimated)**

8. Total priority claims **0.00**

9. Total installment mortgage or
   other long-term debt payments **0.00**

10. Total of arrearage
    including interest **0.00**

11. Total secured claims,
    including interest **11,840.40**

    Total of items 6 through 11 $ **16,274.40**

12. Funds available for unsecured creditors (item 5 minus item 11) $ **12,405.60**

13. Total unsecured claims (if all file) $ **124,426.67**

14. Estimated percentage to unsecured creditors under Plan (item 12 divided by item 13) **10** %

15. Estimated dividend to general unsecured creditors if
    Chapter 7, (see liquidation analysis attached) $ **0.00**

COMMENTS:

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy